# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| CARMEN SCALESCI, | * | No. 23-2004V |
| | * | |
| Petitioner, | * | |
| | * | Special Master Christian J. Moran |
| v. | * | |
| | * | Filed: July 9, 2026 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

Mark Theodore Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner;
Parisa Tabassian, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Petitioner, Carmen Scalesci, filed a petition for compensation on November 17, 2023, alleging that the influenza vaccination she received on November 20, 2020 caused her to suffer from vaccine-induced left-sided sensorineural hearing loss and paresthesia or, in the alternative, that the vaccine significantly aggravated these conditions. On June 24, 2026, Ms. Scalesci filed a motion for a decision dismissing her petition.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

## I. Procedural History

Ms. Scalesci filed her petition on November 17, 2023, alleging that the influenza vaccination she received on November 20, 2020 caused her to suffer from vaccine-induced left-sided sensorineural hearing loss and paresthesia or, in the alternative, that the vaccine significantly aggravated these conditions. She submitted medical records over the next year and a half.

On June 23, 2025, respondent filed a Rule 4(c) Report recommending that compensation be denied. Respondent argued that Ms. Scalesci had not met the severity requirement for the paresthesia claim, and had not presented preponderant evidence to establish causation-in-fact or significant aggravation claims for either the left-sided sensorineural hearing loss or paresthesia. Respondent also requested several additional medical records. The deadline for expert reports was suspended pending the filing of these records. Order, issued June 25, 2025. Ms. Scalesci filed a statement of completion on February 9, 2026. Respondent filed an amended Rule 4(c) Report on March 6, 2026, again recommending that compensation be denied and maintaining that Ms. Scalesci had neither presented sufficient evidence to establish that she satisfied the severity requirement for the paresthesia claim, nor had she met her burden to show causation-in-fact or significant aggravation for her claimed injuries.

A deadline of April 20, 2026 was set for Ms. Scalesci's expert report. See Order, issued Feb. 12, 2026; Order (non-PDF), issued March 12, 2026. On April 16, Ms. Scalesci moved for an additional 60 days to file her report, stating that her expert had withdrawn for reasons unrelated to the case. The order was denied without prejudice to renew, as Ms. Scalesci had not provided enough information to demonstrate that she has acted with diligence. Order, issued April 23, 2026. Ms. Scalesci was instructed that, in a renewed motion, she should state when the original expert was retained and when they communicated their intent to withdraw, as such information will help establish good cause for the extension. Ms. Scalesci was given a deadline of May 4, 2026, to renew her motion.

Ms. Scalesci did not renew her motion. However, on June 16, 2026, she filed another motion for a 60-day extension of time to file an expert report. Ms. Scalesci stated that, "Pursuant to the April 23, 2026 Court Order, Petitioner's Expert Report is due on June 19, 2026," and requested a new deadline of August 18, 2026. Ms. Scalesci further explained that she had engaged an expert, but the expert would be out of the office for the next few weeks.

In light of the lack of diligence, Ms. Scalesci's motion was denied. Order, issued June 17, 2026. The case would instead proceed to briefing, with a deadline of August 17, 2026 for Ms. Scalesci's brief. However, Ms. Scalesci instead filed a motion to dismiss her case on June 24, 2026.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program ("Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, Ms. Scalesci filed medical records in support of her claim, but she did not file an expert report. Ms. Scalesci now wishes to have her claim dismissed. Given Ms. Scalesci's clear intent that a judgment issue in this case, the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa-21(b) (regarding involuntary dismissal).

To conform to § 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, Ms. Scalesci did not retain an expert to support her claim that her November 2020 vaccination caused or significantly aggravated her left-sided sensorineural hearing loss and paresthesia. Therefore, there is insufficient evidence to support a finding of vaccine-causation or aggravation.

**Thus, this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master